RUFUS T. ROCKWELL AND ANOTHER, ADMINISTRATORS, vs. FLOYD K. HUNT AND ANOTHER.

Where a note, made at a time when the act of Congress required that it should have a revenue stamp attached to it, bore certain stamps which by the marks upon them appeared to have been previously used upon some other instrument, it was held that the law did not attach any such artificial value to this fact as to make it the duty of the court to rule, as matter of law, that, in the absence of evidence of mistake, the stamps were to be regarded as fraudulently used, and the note therefore invalid. The question whether they had been previously used was one of fact, and the question whether the use of them the second time was fraudulent was one of fact.

And it is very questionable whether a fraud on the part of the maker of the note in the use of the stamps could affect the payee of the note, if he was in no manner privy to it.

But the act of Congress which provides that no document required to be stamped shall be admitted in evidence or used in any court until stamped according to law, applies only to the federal courts.

Where the court below annexed to and made a part of the motion for a new trial, the original note and the stamps upon it, with the writing upon the stamps indicating their prior use upon some other instrument, for the inspection of this court, and found such facts as this court should determine that they bore evidence of upon their face, it was held that the question involved being wholly one of fact could not be considered by this court.

ASSUMPSIT on a promissory note, with the common counts; brought to the Court of Common Pleas of Fairfield County, and tried to the court on the general issue, with notice that the note was not lawfully stamped and that it was fraudulently stamped, before *Brewster, J.*

The note was dated April 1st, 1865, and was for the sum of four hundred dollars, payable on demand to Coleman Rockwell, the intestate. At the time of its execution the law of Congress was in force which required such a note to have attached to it an internal revenue stamp of twenty cents, and an act of Congress passed in 1866 provides that no instrument, required by law to be stamped, shall be admitted or used in any court until stamped according to law.

On the trial it was proved that the deceased, Coleman Rockwell, was, at the time he received the note, quite ad-

vanced in years, and there was no evidence offered as to when, or where, or by whom, the note in question was stamped.

. The plaintiffs offered in evidence the note, on the face of which were three United States revenue stamps, viz: one of the value of ten cents, and two of the value of five cents each, and across the face of the first were the letters and figures, " F. K. H., 1/63," and across the last two the letters " F. K. Hunt," and the date " April 1st, 1863." The writing on the stamps was that of the defendant, Floyd K. Hunt.

To the admission of this note the defendants objected, on the ground that the date and letters showed that the stamps were fraudulently used on the note after having been previously used, and were put upon the note with intent to defraud the government, and also on the ground that the note had not been duly stamped as required by the law of Congress. But the court overruled the objection, and admitted the note in evidence.

It was agreed by the parties, and the court directed, that the original note, with the stamps, and the writing, letters and figures upon the same, be made a part of the motion, and be transmitted to the Supreme Court with the motion for inspection by the court, and the Court of Common Pleas found such facts as the Supreme Court should determine they bore evidence of upon their face.

The defendants claimed, and asked the court to find, that the note, the stamps, and the writing, letters and figures upon them, bore upon their face evidence that the note had not been duly stamped upon its execution and delivery, or at any subsequent time, and that the omission to duly stamp the same was made with intent to defraud the United States, and that therefore it devolved upon the plaintiffs to prove by countervailing evidence that such omission was through accident, mistake, or urgent necessity, and without any intent to defraud the United States. But the court refused so to find.

The defendants claimed, as a matter of law, that by reason of the date on the stamps, and their appearance, showing that they had been pasted on another paper before being put on the note in question, the burden of proof was thrown on the plain-

tiffs to show that there was no intent to defraud the United States, and that by reason of the omission of any evidence on that point showing that the note was so stamped by reason of accident, mistake, or urgent necessity, and without any willful design to defraud the United States, the note was invalid and could not be received in evidence.

But the court ruled otherwise, and admitted the note in evidence.

The court having rendered judgment for the plaintiffs, the defendants moved for a new trial for error in the rulings of the court

*Todd*, in support of the motion.

SEYMOUR, C. J. The defendants move for a new trial by reason of certain alleged errors in the rulings of the Court of Common Pleas in regard to revenue stamps. The note on which the action is founded is transmitted to us with the motion, that we may by inspection inform ourselves in regard to the supposed irregularity of the stamps. We however have no power to revise the opinions of the Court of Common Pleas upon matters of fact, and cannot grant a new trial unless that court has erred in some matter of law.

We are not disposed to change the opinion expressed in the case of *Griffin* v. *Ranney*, 35 Conn. R., 239, that the act of Congress requiring instruments to be stamped in order to be admitted in evidence applies only to the federal courts; but the claim of the defendants in this case is not merely that there is a want of the appropriate revenue stamp, but that a fraud was practiced upon the government of the United States by the use of stamps which had been before used and cancelled. The plaintiffs expressly waive all objections founded on the case of *Griffin* v. *Ranney*, and in the Court of Common Pleas it seems from the record that both parties proceeded on the idea that the act of Congress was applicable to the state courts.

We will therefore enquire whether in any view of the matter the court below erred in its rulings.

All the points raised in the motion, except the last, involve questions of fact only and cannot be reviewed by us.

The only question which has the appearance of being one of law is this. The defendants claimed, as a matter of law, that by reason of the date on the stamps, and their appearance, showing that they had been pasted on another paper before being put on the note in question, the burden of proof was thrown on the plaintiffs to show that there was no intent to defraud the United States; to which claim the court ruled adversely.

The precise point here made is that the appearance of the stamps showed that they had been pasted on another paper before being put on the note in suit, and this being shown to the satisfaction of the court, a *primâ facie* case was made of an intent to defraud the United States. The court was thereupon asked to rule that, in the absence of any evidence on the part of the plaintiffs showing that it was done by mistake or inadvertence, the note was invalid and could not be received in evidence. The court did not so rule, and for the omission so to do a new trial is asked.

The defendants' request proceeds upon the idea that the law places an artificial value upon the fact that the stamps had been pasted on another paper before being put on the note, so that in law the court was bound upon that evidence to decide against the note, unless that evidence was met by appropriate counteracting proof.

We know of no rule of law such as is claimed. The question whether the appearance of the stamps showed that they had been previously used and cancelled was one of fact; and the question whether they were fraudulently used a second time was one of fact, dependent upon the whole evidence. The request of the defendants proceeds too upon the ground that, if the stamps were fraudulently used after having been on a former occasion cancelled, the note was thereby made invalid, without reference to the question whether Mr. Coleman, the intestate, participated in the illegal use of the can-

celled stamps. But we are not prepared to say that a fraud practiced by the defendants without his knowledge or privity, and practiced not only upon the government but upon Mr. Coleman himself, would avoid the note. That precise question indeed does not arise, for the court below does not find that there was any fraud on the part of any one in the second use of the stamps, if indeed they had been previously used, and certainly, so far as the intestate is concerned, there would seem to be nothing to implicate him in any dishonest practice of any kind.

A new trial is not advised.

In this opinion the other judges concurred.